IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

BRYAN JEFFCOAT,

    Plaintiff,

v.                                  C.A. No.:    4:17-cv-851

MICHAEL SCOTT STONE, D/B/A
MUFF-IT MUFFLER,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRYAN JEFFCOAT, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## **INTRODUCTION**

1.    This is an action by Plaintiff against his employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working in Harris County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Alvin, Texas.

5. Plaintiff has been employed by Defendant from approximately February of 2014 through February of 2016 to the present, as a "Mechanic." Plaintiff was initially paid a salary of $650.00 per week. At some point during his employment, Plaintiff's rate of pay changed to $750.00 per week. Some of Plaintiff's principle duties were to repair light duty cars and trucks for to Defendant's clients.

6. Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, is an auto and truck repair facility and operates an office in League City, Texas.

7. Defendant, MICHAEL SCOTT STONE, is an individual doing business under the unregistered fictitious name D/B/A MUFF-IT MUFFLER, is believed to be residing in League City, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work; controlled Plaintiff's rate of pay; controlled Plaintiff's scheduled; and; had the

ability to pay Plaintiff overtime; therefore, is also Plaintiff's employer under the FLSA.

8. Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, was the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

7. At all times material to this complaint, Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10. At all times material hereto Plaintiff engaged in interstate commerce through the handling of parts and goods moving in interstate commerce.

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

12. Throughout the employment of Plaintiff, Defendant repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

13. Plaintiff worked an average of approximately five (5) overtime hours per week during each (with some exceptions for times when Plaintiff was sick or business was slow) week of his employment with Defendants.

14. Defendant did not include any pay for work in excess of 40 hour per workweek as required by the FLSA.

15. Defendant used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

16. Defendant either knew about or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to his obligations as an employer under the FLSA.

17. Defendant acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

18. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not

paid that should have been paid.

19. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRYAN JEFFCOAT demands Judgment against Defendant, MICHAEL SCOTT STONE, D/B/A MUFF-IT MUFFLER, for the following:

    a.    Unpaid overtime wages found to be due and owing;

    b.    An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

    c.    Prejudgment interest in the event liquidated damages are not awarded;

    d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.    For any such other relief as the Court may find proper, whether at law or in equity.

## **JURY TRIAL DEMAND**

Plaintiff, BRYAN JEFFCOAT, demands a jury trial on all issues so triable.

Respectfully submitted, March 16, 2017.

                              **ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com